E-FILED
Wednesday, 06 June, 2012 10:09:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-1104 |
| | ) | |
| EARNEST LEE YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's attempt to remove his criminal prosecution to this Court pursuant to 28 U.S.C. § 1443.[1] For the reasons stated below, the case is dismissed and remanded to the state court.

Criminal defendants can, in certain limited circumstances, remove their state prosecutions to federal court under 28 U.S.C. § 1443. Removal under this provision is permitted either:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

In addition, 28 U.S.C. § 1455 imposes a time limit for filing a Notice of Removal, and a requirement that the first Notice of Removal state all grounds for such

---

[1] Plaintiff filed a Motion to Dismiss on June 4, 2012, arguing that Defendant had failed to state a claim and that his attempted removal was untimely. (Doc. 14). The Court denies that Motion as moot, given its instant dismissal and remand of the case.

removal; both requirements can be relaxed if the Court finds good cause. 28 U.S.C. § 1455(b)(1) & (2). Finally, § 1455(b)(4) requires the Court to examine the Notice of Removal to determine whether the case should proceed before it or be summarily remanded to the state court.

Defendant filed a "Notice of Removal" in this Court on April 3, 2012, citing to both sub-sections of § 1443. (Doc. 1). In it, he alleges that police engaged in selective prosecution of him, an African-American, on the basis of race by arresting him for being felon in possession of a gun, while not arresting the similarly-situated white woman who was also a felon.[2] He has since filed several more "Notices of Removal." (Docs. 2-4). On May 2, 2012, the Court, noting that Defendant had apparently failed to give notice of the purported removal to the state, ordered him to give such notice by May 16, 2012; the Court also ordered Defendant to state the dates of his arraignment and/or trial.[3] (5/2/2012 Text Order).

Pursuant to 28 U.S.C. § 1455(b)(4), the Court now undertakes a review of Defendant's attempt to remove his criminal prosecution to this Court, and finds that a summary remand is appropriate. First, it appears that the removal is untimely, and there is no "good cause" to excuse the untimeliness. Under § 1455(b)(1), a Notice of Removal is untimely if filed "later than 30 days after the

---

[2] The Court notes that Mr. Young has unsuccessfully attempted to have this Court enjoin the state's prosecution of him, also on the basis of alleged selective prosecution; the Court dismissed the suit under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (11-cv-1292: Doc. 22).

[3] In its text order, the Court cited to § 1446(c), which, prior to 2012, was where the procedure for the removal of criminal actions was found. Following the effective date of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, though, § 1455 states the procedure for removal of criminal actions.

2

arraignment in the State court, or at any time before trial, whichever is earlier."[4] In response to the Court's order that he provide the date of his arraignment, Defendant filed a "Motion for Judicial Notice," in which he states that he has now been given a trial date of July 30, 2012, and argues for the Court to grant him an extension of time to file his Notice of Removal. In spite of the direct order to do so, he did not state the date of his arraignment, but the fact that he asked for an extension of time indicates that he concedes that the 30-day period has run.[5] In its Motion to Dismiss, Plaintiff notes that Defendant was arraigned on December 22, 2010, making his Notice of Removal due January 23, 2011. (Doc. 15 at 6, Ex. 1).

In support of his request for relief from the 30-day removal period, Defendant cites only the facts that the state chose to try him on the contemporaneous domestic battery charge prior to proceeding with the gun charge, and that his trial on the gun charge is thus not until July of this year. (Doc. 8). He claims that this choice prejudices him and undermines his constitutional rights. He does not explain how state's decision to proceed with the domestic battery charge first had any bearing on his ability to attempt to remove the gun charge.[6] He also implies that, because he

---

[4]    Defendant's trial has not yet occurred, so 30 days after his arraignment would certainly be "earlier" than "any time before trial."

[5]    Defendant did attach a form from a proceeding in his criminal case to his "Motion for Judicial Notice," but it is clear that this form, dated May 14, 2012, is not from his arraignment.

[6]    In his first Notice of Removal, Defendant also states two other arguments for extension of the removal time frame: (1) in March 2012, Defendant successfully petitioned the state court to sever his trials on the domestic battery and gun charges, and (2) he had a public defender for the first 10 months of the case. (Doc. 1). Neither reason justifies an extension of time. There is no reason that Defendant could not have sought removal of only the gun charge within the relevant time

3

alleges selective prosecution, he should be automatically excused from the applicable time requirements. If this were the case, then there would be no need for § 1455 to exist, as all removals under § 1443 are supposedly based on racial discrimination in prosecution. Defendant has not shown good cause for his delay in filing his Notice of Removal, and so the Court will not excuse it.

Moreover, Defendant's case does not warrant removal under either subsection of § 1443.[7] Subsection (1) provides for removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision has been narrowly construed to apply only to "specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). The Court will assume for the purposes of this Order that there is a specific civil right not to be prosecuted solely on the basis of one's race.[8] *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting

---

period; the fact that the two charges were proceeding concurrently would not have prevented this Court from considering the appropriateness of removing of one of them. In addition, there is no reason that representation by a public defender is a per se bar to an attempt at removal, and Defendant fails to explain how such representation prevented his attempt at removal. Indeed, if removal under § 1443 were appropriate, Defendant's attorney could have advised Defendant to attempt it; Defendant's attorney no doubt recognized that the case was plainly unsuitable for § 1443 removal, as explained below.

[7] In its discretion, the Court will look to all of Defendant's four Notices of Removal, though he should have included all grounds in the first Notice. 28 U.S.C. 1455(b)(2).

[8] In some of his Notices of Removal, Defendant also makes assertions of a conspiracy, involving forgery and perjury, to deny his due process rights, and to cover up violations of his rights. (Doc. 2, 3). These rights are "generally applicable," and are not specific protections against racial discrimination, and so they fail the

*Oyler v. Boles*, 368 U.S. 448, 456 (1962).) ("[T]he decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'"). *But see Rachel*, 384 U.S. at 793 (generally-applicable constitutional guarantees do not support § 1443 removal). In addition, though, a defendant attempting to remove a criminal prosecution must either (a) show that he is, by mere fact that he is being prosecuted, being denied his right of racial equality, or (b) be able to firmly predict that he will be denied his civil rights. *See Bar Ass'n of Baltimore City v. Posner*, 391 F.Supp. 76, 80 (D. Md. 1975) (citing *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971)) (outlining requirements for removal under § 1443(1)); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 826-27 (1966). It is not enough that he have a specific defense to the prosecution based on an alleged violation of civil rights. *Moore*, 447 F.2d at 1070 (citing *Greenwood*, 384 U.S. at 828).

In order to rely on the first alternative, the defendant must show both that he had a federal statutory right to engage in the conduct which is the basis for the state prosecution, and that he has the further federal statutory right that no State should even attempt to prosecute him for his conduct. *Greenwood*, 384 U.S. at 826-27; *Rachel*, 384 U.S. at 803. The paradigmatic case is of civil rights demonstrators arrested and prosecuted for trespass as a result of participating in a sit-in, which the Civil Rights Act of 1964 expressly authorizes and immunizes from state

---

first part of the test for removal under § 1443(1). Moreover, they would fail for the same reasons the removal based on alleged selective prosecution fails. In addition, Defendant alleges violations of state law, which the state court allegedly refuses to remedy; the Court notes that § 1443 is specifically oriented toward vindication of federal civil rights, not state law.

prosecution. *Rachel*, 384 U.S. at 804-05 (citing *Hamm v. City of Rock Hill*, 379 U.S. 306 (1964)). Here, Defendant cannot even begin to argue that he had a federal statutory right to possess a gun as a felon, since federal law also prohibits felons from possessing guns in most situations. *See* 18 U.S.C. § 922(g) ("It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to…possess in or affecting commerce, any firearm or ammunition."). In addition, there is no federal civil rights statute specifically allowing such conduct. Defendant therefore cannot rely on the interpretation of § 1443(1) under *Rachel*, allowing for removal where the fact of prosecution itself denies his civil rights.

The second alternative under subsection (1) of § 1443 has been interpreted to require an allegation that the state will refuse to enforce his civil right, "supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 794-804; *Greenwood*, 384 U.S. at 827-28) The Court is not aware of, and Defendant has not cited, any statute or constitutional provision in Illinois calling for the flouting of civil rights on the basis of race. *Cf.*, *Strauder v. West Virginia*, 100 U.S. 303 (1880) (state statute expressly excluded blacks from petit juries). Defendant claims that he may proceed because the Attorney General of Illinois has responded to a complaint he filed with her office with a letter stating that she "does not have jurisdiction over the acts of county prosecutors, sitting judges or jurors;" he claims that this shows the state of Illinois to be unwilling to vindicate his civil rights. (Doc. 1 at 8). This is

insufficient to show that Illinois will refuse to enforce Defendant's rights because it would ordinarily be the trial judge who would deal with a claim of selective prosecution, not the Attorney General.[9] The Attorney General's lack of jurisdiction does not mean, as Defendant asserts, that prosecutors "are free to prosecute based on race." (Doc. 1 at 8 (emphasis in original)). The fact that this complaint is not within the Attorney General's purview does not mean that the state of Illinois has refused to uphold Defendant's rights; it merely means that Defendant has looked for help from the wrong authority.

Defendant also claims that, because the state court has denied his two pro se motions to dismiss on the basis of alleged selective prosecution, it has shown that it is unwilling to uphold his rights. (Doc. 9). However, this is also insufficient to show Illinois is unwilling to uphold Defendant's rights, under either simple logic or precedent. First, if this argument were effective, then every criminal defendant who alleges race-based selective prosecution would be able to remove his case merely by virtue of the fact that the state court has not yet dismissed the charges, which cannot be the case. In addition, Supreme Court precedent clearly rejects such a contention – an adverse ruling from a state court on a defendant's claim of a civil rights violation cannot be the basis for § 1443 removal. *Greenwood*, 384 U.S. at 827 ("It is not enough to support removal under § 1443(1) to allege or show that…the defendant is unable to obtain a fair trial in a particular state court.").

---

[9] If Defendant merely sought a voluntary dismissal of the charges by the prosecutor, it would have been more appropriate to direct his complaint to the State's Attorney, which is the entity prosecuting his case.

7

"Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a *pervasive and explicit state or federal law* that those rights will inevitably be denied." *Greenwood*, 384 U.S. at 828 (emphasis added); *see also Rachel*, 384 U.S. at 800 (citing *Strauder*, 100 U.S. 303; *Commonwealth of Virginia v. Rives*, 100 U.S. 313 (1879)) ("removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts"). If the state court fails at trial to properly uphold a defendant's constitutional rights, he still has direct appeal and post-conviction remedies by which to seek relief; § 1443(1) is applicable only in a very narrow set of circumstances. *Greenwood*, 384 U.S. at 828-29. Because Defendant has failed to show that his case fits into those circumstances, he cannot proceed with his attempted removal under the interpretation of § 1443(1) allowing for removal upon a prediction that the state court would violate his civil rights.

Subsection (2) of § 1443 provides no basis for Defendant's removal, either, as Defendant does not allege that he is being prosecuted because he has acted or refused to act on the basis of a "law providing for equal rights." In fact, this subsection has been interpreted by the Supreme Court to apply only to "state officers." *Greenwood*, 384 U.S. at 824 fn. 22.

For the foregoing reasons, the Court summarily REMANDS Defendant's prosecution to the state court under 28 U.S.C. 1455(b)(4). All pending motions and other filings are TERMINATED AS MOOT. IT IS SO ORDERED. CASE TERMINATED.


Entered this 5th day of June, 2012.

                                                         s/ Joe B. McDade
                                                        JOE BILLY McDADE
                                          United States Senior District Judge